UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL CASTALDO,

                    Plaintiff,

          -v. -

ACASTI PHARMA, INC., RODERICK
CARTER, JAN D'ALVISE, JOHN CANAN,
and DONALD OLDS,

                    Defendants.

21 Civ. 6051 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On May 27, 2022, the law firms Monteverde & Associates PC and Kahn Swick & Foti, LLC moved to withdraw as counsel for lead plaintiff Michael Castaldo. (Dkt. #33). In a declaration submitted in support of the motion, Juan E. Monteverde stated that the firms believed that they could not oppose Defendants' pending motion to dismiss "while conforming to their duties as officers of the Court," and that there had been a "destruction of the attorney-client relationship[.]" (Dkt. #35 ("Monteverde Decl.") at ¶¶ 8, 11). By Order dated May 31, 2022, the Court granted the motion to withdraw and ordered Plaintiff to obtain new counsel by June 30, 2022, and to file a brief in opposition to Defendants' motion by August 1, 2022. (Dkt. #40). The Court also cautioned Plaintiff that his failure to retain counsel or oppose Defendants' motion would result in the dismissal of his case without prejudice. (*Id.*).

Following the withdrawal of lead counsel, on June 13, 2022, Plaintiff filed separate applications to proceed *in forma pauperis* ("IFP") and for the Court to request *pro bono* counsel to represent him in this case. (Dkt. #42, 43). For the

reasons that follow, the Court grants Plaintiff's IFP application but denies his request for *pro bono* counsel.  The Court further relieves Plaintiff of his obligation to secure counsel by June 30, 2022, but reiterates that Plaintiff must file any opposition brief to Defendants' motion by August 1, 2022.

Pursuant to 28 U.S.C. § 1915(e)(1), a district court may appoint an attorney to represent someone unable to afford counsel.  The Court has reviewed Plaintiff's IFP application, and finds that he qualifies as indigent.  (*See* Dkt. #42).  Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'"  *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting *Jenkins* v. *Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)).  The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance.  If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge* v. *Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).  The Second Circuit also held that these factors are not restrictive and that "[e]ach case must be decided on its own facts."  *Id.* at 61.

Based on its review of (i) the Second Amended Complaint (Dkt. #25 ("SAC")); (ii) Defendants' motion to dismiss (Dkt. #26-28); and (iii) Mr.

Monteverde's declaration in support of lead counsel's motion to withdraw (*see* Monteverde Decl.), the Court declines to appoint Plaintiff *pro bono* counsel because it finds that his claims are not likely to be of substance.

Plaintiff's core allegation in this case has come under significant stress since it was first asserted.  In the SAC, Plaintiff alleges that Defendants failed to include certain financial projections, as well as upward adjustments made to those projections, in a proxy statement issued prior to the shareholder vote on the proposed merger at issue in this case, and that Defendants' failure to include this information misled Plaintiff and other investors.  (*See* SAC ¶ 4; *see also* Monteverde Decl. ¶ 5 (explaining that these allegations "would form the basis for damages under the alleged facts in the complaint")).  Defendants vigorously dispute this allegation in their motion to dismiss, asserting that they did not make upward adjustments to the projections and arguing that they were under no legal obligation to include the projections or adjustments in the challenged proxy statement.  (Dkt. #28 at 8-12).  These arguments led Plaintiff's former counsel to conclude that they could not "reasonably oppose" Defendants' motion because it "contradict[s] the allegations and theory of the case and in particular paragraph [four] in the" SAC.  (Monteverde Decl. ¶ 8).

On this record, the Court cannot find that Plaintiff's claims are likely to be of merit.  Plaintiff has not identified any reason to doubt his former counsel's representation that the allegations made in the SAC are factually

unsupported.[1]  Indeed, Plaintiff's former counsel represents that he "repeatedly expressed this conclusion to" Plaintiff, but that Plaintiff would not "answer[] recent calls and has not provided any substantive response to Counsel other than he wants more time to review the file." (Monteverde Decl. ¶¶ 9-10).  The Court finds that these representations weigh against the appointment of *pro bono* counsel.  *See Pena* v. *Choo*, 826 F.2d 168, 169 (2d Cir. 1987) (stating that "the court may rely in part on an evaluation by a member of the bar that the claim has no merit").  Further, the Court's own review of the record leads it to conclude that Plaintiff's chances of success in this case "are highly dubious." *Leftridge* v. *Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 69 (2d Cir. 2011).  Accordingly, the Court denies Plaintiff's request for *pro bono* counsel.

Given the Court's decision not to appoint *pro bono* counsel, the Court will no longer require Plaintiff to secure counsel by June 30, 2022.  (*See* Dkt. #40). Instead, Plaintiff may secure counsel at any time prior to the deadline for his brief in opposition to Defendants' motion to dismiss, which remains **August 1, 2022**.  The Court again cautions Plaintiff that his failure to file an opposition brief by that date will result in the dismissal of his case without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies IFP for the

---

[1]     In the space provided to explain his need for an attorney, Plaintiff writes only that "[t]he current climate in merger tax cases is stark and alarming and in the present case the class stands to be injured by it.  Customary practice brought forth the criticism that fees for class counsel with no meaningful relief for the class is no better than a racket." (Dkt. #43 (internal citations, quotation marks, and alterations omitted)).

purpose of an appeal.  *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion at docket entry 43. The Clerk of Court is further directed to mail a copy of this Order to Plaintiff at the following address:

> Mr. Michael Castaldo
> PO Box 102402
> Denver, Colorado 80250

SO ORDERED.

Dated:   June 21, 2022
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge